## Malantonio v. Malantonio

*Francis Dennis*, for plaintiff.
*James N. Peck*, for defendant.

HONEYMAN, J., November 22, 1965.—This action in trespass was commenced by complaint filed on behalf of the minor plaintiff, Nicholas Malantonio, by his father and natural guardian, Michael Malantonio, and also by Michael Malantonio in his own right, against Nicolo Malantonio, the original defendant, who is also the father of Michael Malantonio and the grandfather of the minor plaintiff, Nicholas Malantonio. The cause of action pleaded therein is based upon a certain occurrence on the premises owned by the original defendant and on which he operates a grocery store business; after pleading the facts of such occurrence, the complaint contains claims for damages by both the minor plaintiff and the father plaintiff resulting from injuries sustained by the minor plaintiff while in the grocery store of the grandfather defendant. Counsel for the original defendant (the grandfather) filed an answer and new matter to this complaint, and the original defendant signed the verification thereon. In the new matter, it is alleged that the father plaintiff was either jointly or solely liable to the minor plaintiff and thereby joined the father plaintiff as an additional defendant. Thereafter, a complaint filed by the original defendant (the grandfather) against the additional defendant (the father) was filed by counsel for the original defendant, and the verification thereto was taken by said counsel.

The verification reads as follows:

"JAMES N. PECK, after first having been duly sworn according to law, did depose and say that he is the attorney representing the original defendant, Nicolo Malantonio, in the within and foregoing action. This affidavit is not made by a party to this action because no party to this action has sufficient knowledge or information concerning the happening of the accident and your deponent, as attorney, in investigating this occurrence is verifying the complaint based upon

the information he acquired and avers that the facts set forth in the within and foregoing complaint of the defendant against the additional defendant is true and correct to the best of his information and belief."

Counsel for plaintiffs then filed preliminary objections to such complaint against the additional defendant and moved to strike off said pleading by reason of the fact that the verification thereto was not in accordance with Pennsylvania Rule of Civil Procedure 1002, which said rule prohibits an attorney for a party from verifying a pleading.

Both in his brief and at oral argument, counsel for the original defendant contended that plaintiffs had no standing to raise such preliminary objections. However, the court believes that the preliminary objections were well taken and, in effect, were filed by and on behalf of Michael Malantonio in his capacity as the additional defendant and that same was inadvertently styled as having been filed by him as a plaintiff. In the event that the matter proceeds to trial, it is obvious that Michael Malantonio, in his capacity as an additional defendant, will have to obtain counsel separate and distinct from his present counsel of record.

The language of Pa. R. C. P. 1002 is clear in its direction that an attorney shall not verify a pleading. However, this must be read in conjunction with Pa. R. C. P. 1024, pertaining to verification of pleadings. Subparagraph (c) thereof states as follows:

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of his information as to matters not

stated upon his own knowledge and the reason why the verification is not made by a party."

Both the commentary in Goodrich-Amram, §1024, to this rule, as well as several lower court cases, would appear to allow an attorney to verify a pleading under extraordinary circumstances. However, an attorney cannot verify a pleading merely because his client desires to remain neutral or because his client does not have personal knowledge of the facts: Phennicie v. Whitfield, 72 D. & C. 267 (1950); McCormick v. The Elkwood Companies, Inc., 83 D. & C. 571 (1952); Webster Factors, Inc. v. Patrick, 42 Westmoreland 153 (1960). It may be that an attorney of record for one of the parties may be able to bring himself within the provisions of Pa. R. C. P. 1024 (c), but in order to do so he would be required, in addition to stating that he had sufficient knowledge, information and belief of the facts pleaded, to set forth the source of his information which he does not know of his own knowledge. Clearly, the verification in the original defendant's complaint against the additional defendant herein is deficient in this regard. It is believed that better practice would be for some person other than the attorney of record to make the new verification, but if counsel insists upon his making the new verification, then he should clearly and explicitly set forth those people from whom he obtained the information which he seeks to verify.

ORDER

And now, November 22, 1965, the preliminary objections to the complaint of the original defendant against the additional defendant are sustained and the same is ordered stricken, with leave to the original defendant to file a new complaint against the additional defendant containing a proper verification in accordance with the foregoing opinion within 20 days from the date hereof.